George E. JACOBS, IV, Plaintiff–Appellant,

v.

**DIRECTOR OF the CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., Defendants–Appellees.**

No. 11–15269.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 5, 2012.

George E. Jacobs, IV, Corcoran, CA, pro se.

Shanan L. Hewitt, Esquire, Rivera & Associates, Sacramento, CA, for Defendants–Appellees.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

### MEMORANDUM **

George E. Jacobs, IV, a California state prisoner, appeals pro se from the district

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that unauthorized deductions from his inmate trust account for payment of his court filing fees violated his due process rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir.2001), and we affirm.

The district court properly dismissed Jacobs's action because Jacobs had an adequate post-deprivation remedy under California law. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations." (citing Cal. Gov't Code §§ 810–895)).

Jacobs's request for judicial notice is denied.

Jacobs's remaining contentions are unpersuasive.

**AFFIRMED.**